Allen *v.* Humphrey.

</div>

. Joseph Allen Jr. *versus* Daniel W. G. Humphrey.

The provision in the militia act of 1834, § 19, (Rev. St. c. 16, § 14) which requires that, when any person shall enlist into any volunteer company, " the commanding officer of the company, into which such person may enlist, shall give notice thereof in writing to the commanding officer of the standing company, in which such person is liable to do duty, within five days," is not applicable to an enlistment by a petitioner for the volunteer company at its first formation prior to the choice of officers.

Writ of error to reverse a judgment of a justice of the peace imposing a fine of $9,00, for the neglect of Robert Allen, a minor son of the original defendant, to appear at a company training on Sept. 21, 1842, and at the annual review on Sept. 28, 1842. Robert Allen resided at the time within the limits of the standing company in Gray of which Humphrey was clerk, and Hall commanding officer, and all proper measures had been taken to render him liable to the penalties for absence, if he was subject to perform militia duty therein. The defence was, that he was then a member of a volunteer company.

A petition dated April, 1842, signed by thirty-seven persons, among whom was Robert Allen, stating that in each of the companies in Gray and Windham there were more privates than the number required by law, and requesting that the petitioners might be organized into a volunteer company by the name of the Gray and Windham Cadets, was sent to the Gov-

ernor. The Governor and Council granted the request of the petitioners, and created a new volunteer company under the name of the E. company of light infantry, and ordered the Major General of the division to carry this order into effect. On August 6, 1842, Robert Allen and thirty-one others duly enlisted into this volunteer company. D. P. Baker, one of the petitioners, was elected captain of the company, on August 6, 1842, received a commission as such, bearing date August 25, 1842, and was duly qualified under it Sept. 14, 1842. Capt. Baker on Sept. 20, 1842, handed to Capt. Hall a list of the members of the volunteer company who had belonged to Hall's company, and among the names was that of Robert Allen. R. Allen performed duty in the E. company at the annual review. The several papers mentioned are referred to in the exceptions, but none of them appear in the copies.

The following was assigned for error : —

Because said Justice decided, that notice of the enlistment of said Allen in said volunteer company should have been given to the commanding officer of the standing company within five days of the enlistment, being at the formation and organization of said volunteer company, and the law in such cases not requiring any other notice than the one given pursuant to the order of the Adjutant General and the order of council aforesaid as proved in the case.

*Codman & Fox*, for the plaintiff in error contended, that the provision in the militia act of 1834, § 19, applied only to cases of new enlistments into existing volunteer companies, and not to cases of original enlistment into a newly organized one. It was within the legal powers of the commander in chief to organize the petitioners into a new independent company. Having done it in conformity to the provisions of the statute, and the defendant's son having regularly enlisted, he was discharged from all liability to duty in the standing company. Here it was impossible to give the notice. *Carter* v. *Carter*, 3 Fairf. 291. The cases in 17 Maine R. 32, 18 Maine R. 21, and 20 Maine R. 401, are where the enlistments were into companies previously organized.

*O'Donnell*, for the original plaintiff, contended that the original defendant was liable to the fines imposed, because he was a member of the standing company, and because the notice given of his enlistment was a nullity, not having been seasonably given, and not stating the time of the enlistment. The militia act of 1834, § 19, expressly requires that notice in writing of the enlistment into a volunteer company, by the commander thereof, to the captain of the standing company to which he belonged, with the time of the enlistment, within five days after such enlistment, or that it shall be void. Here the notice was not given until more than a month after the enlistment, and was then defective, as no time of enlistment was mentioned. More than five days elapsed after the captain was commissioned and qualified before any notice was given. The case of *Carter* v. *Carter*, 3 Fairf. 291, was *decided* merely on the ground, that the defendant was not an able bodied man. In *Whitcomb* v. *Higgins*, 18 Maine R. 21, the defendant was an original petitioner, but this point was not made in the case. Other cases are direct, that the enlistment is void, unless notice is seasonably given. *Gowell* v. *True*, 17 Maine R. 32; *Lowell* v. *Flint*, 20 Maine R. 401, 405.

The mere fact that Allen was one of the petitioners, does not constitute him a member of the company. He must first enlist, and if he does enlist, it becomes a void act, unless notice is given as the statute requires.

The opinion of the Court was afterwards drawn up by

SHEPLEY J.—By the sixth section of the act of 1834, the Governor, with the advice of the council, was authorized to organize and arrange the militia and to grant petitions or applications for raising companies at large. Such companies were to be raised by voluntary enlistment. The members constituting such a company on its first organization must have been determined, before they could have proceeded to the choice of officers, who were to be chosen in the same manner as those of other companies by the written votes of the members of the company. The tenth section of the act required,

that the electors or members of the company should have had ten days notice of the time and place of election. More than five days after their membership had been determined by enlistment or otherwise must have elapsed before a commanding officer could be legally chosen. And although he would become an officer, as soon as he had been elected and accepted, and when commissioned would take rank from that day; yet by the provisions of the eleventh section he could not enter upon the performance of his duties, until he had been commissioned and qualified. It would ordinarily require more than five days after his election to have the proper return thereof made to the Governor and to have the commission returned to him through the prescribed channel. If the members of the company on its first organization were necessarily enlisted before the choice of the commander, it would usually be impossible for him to give the notice required by the nineteenth section to the commanders of the standing companies within five days after their enlistment. And if a new enlistment after he was chosen and commissioned should be required to enable him to comply with such provision, the effect must be to dissolve the company at the pleasure of the members; for the first enlistment or form of membership would not be binding upon them without such a notice. It cannot be believed to have been the intention of the legislature to require an act, which could not possibly be performed without a dissolution of the company, which had been just organized and had elected its officers. The provision contained in the nineteenth section requiring the notice from the commander of the company raised at large to the commander of the standing company, implies the existence of an organized company and of a commander at the time of enlistment; and it would seem therefore not in terms applicable to the case of an enlistment before the election of any officer. That a voluntary agreement, signed by the persons to constitute the company without any engagement with any officer, would operate as a legal enlistment, appears to have been decided in the case of *Carter v. Carter*, 3 Fairf. 285. It was obviously proper, if not neces-

sary, that the commander of the standing company should have information of the names of the persons belonging to his company, who had become members of a company raised at large on its first organization. And this may have been one of the reasons, why the commander in chief required notice to be given to such officer before he would proceed to organize a company raised at large. It is true, that the nineteenth section of the act speaks of an enlistment by an officer of a company raised at large " for the purpose of forming or recruiting his company." But if by the word forming, a first designation of members to form such a company were intended, the implication would be, that the officer existed before the members first composing the company were determined. The intention doubtless was only to declare that all enlistments when and however made should be void, if thereby the standing company should be reduced to a less number than forty effective privates. It appears, that the son of the plaintiff in error was one of those, who composed the company on its first organization, and that he enlisted on the day when the officers were first chosen. Notice of such an enlistment within five days being ordinarily impossible, the statute is not considered as requiring it; and the judgment of the magistrate is reversed.